IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KAMARDEEN OGUNLEYE,   Petitioner, | § § § | |
| v. | § § | 3:14-CV-4342-D-BK (3:14-CR-028-D) |
| UNITED STATES OF AMERICA,   Respondent. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the section 2255 motion be summarily dismissed without prejudice.

On November 19, 2014, Kamardeen Ogunleye filed a notice of appeal from the July 25, 2014 judgment of conviction in his criminal case. Although the 14-day period to file a notice of appeal had long since elapsed, Ogunleye sought an extension of time to appeal for "good and reasonable cause," claiming that "his attorney intentionally disregarded [his] request for appeal." Doc. 2. The Court denied his request for extension of time to appeal, but in light of his claim of ineffective assistance of counsel, liberally construed the pleading as a motion to vacate sentence under 28 U.S.C. § 2255. Doc. 3. In accordance with *Castro v. United States*, 540 U.S. 375 (2003), the Court then gave Ogunleye the opportunity to withdraw the motion or amend the re-characterized motion so that the it contained all of the grounds for relief that he believed he has available under Section 2255. Doc. 3.

In his response, Ogunleye states that he does not wish to proceed with a section 2255 motion at this time. He advises that he "will seek to raise a claim of ineffective assistance of counsel through a direct appeal," and that "he doesn't consent his direct appeal be construed as §

2255 motion."  Doc. 5 at 1-2, 3.

Based on the above, and in light of the pendency of the direct appeal of his criminal case (for which counsel was recently appointed), Ogunleye's re-characterized section 2255 motion should be dismissed without prejudice.  *See also* Welsh v. United States, 404 F.2d 333, 333 (5th Cir. 1968) (a district court does not entertain a section 2255 motion during the pendency of a direct appeal because "the disposition of the appeal may render the motion moot."), *abrogated on other grounds*, United States v. Ortega, 859 F.2d 327 (5th Cir. 1988); *see also* Jones v. United States, 453 F.2d 351, 352 (5th Cir. 1972) (per curiam).

For the foregoing reasons, it is recommended that the section 2255 motion be **DISMISSED WITHOUT PREJUDICE** to Petitioner reasserting it after the United States Court of Appeals for the Fifth Circuit has ruled on his direct criminal appeal.[1]

**SIGNED** April 7, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] There is a one-year statute of limitations for filing motions to vacate, set aside, or correct sentence, which will apply to any subsequent section 2255 motion that Petitioner files in this Court.  28 U.S.C. § 2255(f)(1)-(4).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In <u>order</u> to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE